BRYAN SCHRODER
United States Attorney

JONAS M. WALKER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: jonas.walker@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> vs.<br><br>STEPHEN JEREMY HICKS,<br><br>      Defendant. | No.  3:19-cr-00143-RRB-DMS<br><br>COUNTS 1-3:<br>VIOLATIONS OF THE LACEY ACT<br> Vio. of 16 U.S.C. § 3372(a)(2)(A),<br>and 16 U.S.C. § 3373(d)(1)(B), and 18<br>U.S.C. § 2<br><br>CRIMINAL FORFEITURE<br>ALLEGATION 1:<br> Vio. of 16 U.S.C. § 3374(a)(2) and 24<br>U.S.C. § 2461 |

I N D I C T M E N T

The Grand Jury charges that:

//

//

## GENERAL ALLEGATIONS

1. At all times relevant to this Indictment, Hunters 1, 2, and 3, were not Alaska residents.

## RELEVANT LAW AND REGULATIONS

2. Under the Lacey Act, 16 U.S.C. § 3372(a)(2)(A), it is unlawful for any person to transport, sell, receive, acquire, or purchase in interstate or foreign commerce, any wildlife taken, possessed, transported, or sold in violation of any law or regulation of any State.

3. Under the Lacey Act, 16 U.S.C. § 3372(c)(1), it is deemed to be a sale of wildlife in violation of Title 16, United States Code, Chapter 53, for a person for money or other consideration to offer or provide guiding, outfitting, or other services for the illegal taking, acquiring, receiving, transporting, or possessing of wildlife.

4. Under the Lacey Act, 16 U.S.C. § 3373(d)(1)(B), it is unlawful for an individual to knowingly engage in conduct that involves the sale or purchase of wildlife with a market value in excess of $350 knowing that the wildlife was taken, possessed or sold in violation of law.

5. Under Alaska Statue § 08.54.720(a)(4), it is unlawful for a person who holds any class of guide license or transporter license to knowingly enter or remain on federal land without prior authorization during the course of providing big game hunting services or transportation services.

6. Under Alaska Statute § 08.54.720(a)(6), it is unlawful for a person to knowingly guide without having a current registered guide-outfitter, class-A assistant guide, or assistant guide license and a valid Alaska hunting license in actual possession.

7. Under Alaska Statute § 08.54.720(a)(16), it is unlawful for a person to knowingly provide big game hunting services or transportation services during the period for which the person's license to provide that service is suspended or revoked.

8. Under Alaska Administrative Code Title 12, § 75.240(f), the contracting registered guide-outfitter or a noncontracting registered guide-outfitter or class-A assistant guide supervising an assistant guide shall be available in the same guide use area, or an adjacent guide use area with a common border, to direct and monitor the big game hunting services provided to the client, except during times when

    (1) an emergency situation exists that requires the guide's assistance; or

    (2) the contracting; registered guide-outfitter or noncontracting registered guide-outfitter or class-A assistant guide supervising the hunt is outside the guide use area or neighboring guide use area while

        (A) in transit with meat or trophies from that or a neighboring guide use area;

        (B) in transit with food, supplies, or clients directly associated with conducting guided hunts in that or a neighboring guide use area; or

        (C) conducting important duties that are essential for completion of current contracted hunts.

//

## COUNT 1

9. On or about May 15, 2018, through on or about August 15, 2018, near Max Lake, on federal land managed by the United States Bureau of Land Management, in the State and District of Alaska, and elsewhere, the defendant, STEPHEN JEREMY HICKS did knowingly transport, sell, receive, and acquire in interstate commerce, wildlife with a market value in excess of $350, which STEPHEN JEREMY HICKS knew was taken, possessed, transported and sold in violation of any law and regulation of the State of Alaska, to wit, one Dall Sheep taken by Hunter 1 in violation of the laws and regulations of the State of Alaska, in that Hunter 1, who had paid STEPHEN JEREMY HICKS to provide guide-outfitter services, did hunt and take the Dall Sheep while STEPHEN JEREMY HICKS was not present in the same guide use area, or an adjacent guide use area, as Hunter 1 to direct and monitor the big game hunting services provided to Hunter 1; and, in that STEPHEN JEREMY HICKS knowingly entered or remained on federal land without prior authorization during the course of providing big game hunting services.

10. All of which is in violation of Alaska Administrative Code Title 12 § 75.240(f) (Supervision), and Alaska Statute § 08.54.720(a)(4) (unlawful act of entering or remaining on federal land without prior authorization), and all of which is in violation of 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(B), and 18 U.S.C. § 2.

//

//

## COUNT 2

11. On or about June 30, 2018, through on or about September 18, 2019, near Yenlo Hills, in the vicinity of Skwentna, in the State and District of Alaska, and elsewhere, the defendant, STEPHEN JEREMY HICKS, did knowingly transport, sell, receive, and acquire in interstate commerce, wildlife with a market value in excess of $350, and that was taken, possessed, transported or sold in violation of any law and regulation of the State of Alaska, to wit, one moose taken by Hunter 2, which STEPHEN JEREMY HICKS knew was taken in violation of Alaska state law, in that STEPHEN JEREMY HICKS' guide-outfitter license had been previously revoked on or about April 2, 2019.

12. All of which is in violation of Alaska Statute § 08.54.720(a)(6) (guiding without a current license), and Alaska Statute § 08.54.720(a)(16) (guiding while license suspended); all of which is in violation of 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(B), and 18 U.S.C. § 2.

## COUNT 3

13. On or about May 30, 2018, through on or about September 18, 2019, near Yenlo Hills, in the vicinity of Skwentna, in the State and District of Alaska, the defendant, STEPHEN JEREMY HICKS, did knowingly transport, sell, receive, and acquire in interstate commerce, wildlife with a market value in excess of $350, and that was taken, possessed, transported or sold in violation of any law and regulation of the State of Alaska, to wit, one moose taken by Hunter 3, which STEPHEN JEREMY HICKS knew was taken in violation of Alaska state law, in that STEPHEN

JEREMY HICKS' guide-outfitter license had been previously revoked on or about April 2, 2019.

14. All of which is in violation of Alaska Statute § 08.54.720(a)(6) (guiding without a current license), and Alaska Statute § 08.54.720(a)(16) (guiding while license suspended); all of which is in violation of 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(B), and 18 U.S.C. § 2.

## CRIMINAL FORFEITURE ALLEGATION 1

15. Paragraphs 1 through 14 are alleged as if set forth in their entirety.
16. Upon conviction of Counts 1, 2, and 3 of this Indictment, the defendant, STEPHEN JEREMY HICKS, shall forfeit to the United States, pursuant to 16 U.S.C. § 3374(a)(2), and 28 U.S.C. § 2461, all aircraft, vehicles, property, and other equipment used to aid in the transporting, selling, receiving, acquiring, or purchasing wildlife in a criminal violation of this Act for which a felony conviction is obtained, including, but not limited to the following:

    a. One Piper PA-18 Super Cub airplane with FAA Tail Number N8216C, serial no. 18-4444 (the "Super Cub"), including all its contents, and all accessories and appurtenances thereto, including without limitation all log book(s), manuals, equipment, certificates of registration and insurance, and any and all documents evidencing sale, purchase, transfer, and ownership of the Super Cub; and

    b. One 2015 Ford F250 truck with vehicle identification number 1FT7W2B6XFEB88502 (the "Ford truck"), including manuals, certificates

of registration and insurance, and any and all documents evidencing sale, purchase, transfer, and ownership of the Ford truck.

A TRUE BILL.

s/ Grand Jury Foreperson<br>GRAND JURY FOREPERSON

s/ Jonas M. Walker
JONAS M. WALKER
Assistant U.S. Attorney
United States of America


s/ Bryan Schroder
BRYAN SCHRODER
United States Attorney
United States of America


DATE:     December 17, 2019