Kevin T. Fitzgerald
ABA No. 8711085
Ingaldson Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750
(907) 258-8751/Facsimile
E-mail: kevin@impc-law.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:19-cr-00143-RRB-DMS |
| | ) | |
| Plaintiff, | ) | **RESTITUTION MEMORANDUM** |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN JEREMY HICKS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

COMES NOW Defendant, Stephen Jeremy Hicks, by and through counsel, Ingaldson Fitzgerald, P.C., and hereby submits his restitution memorandum invited by the Court at the close of the sentencing proceedings on Friday, May 27, 2022.

The starting point is the presentence writer's determination of the issue in his Final Presentence Report. After an evaluation of the issue, the presentence writer, this Court's agent, determined that no restitution was owing: "There is no restitution in this case."

In contrast, in its Sentencing Memorandum, the prosecution recommended restitution in the amount of $186,500. Dkt. 129, p. 3. A review of the Government's Sentencing Memorandum yields no greater enlightenment about the basis for the Government's restitution claim. There is simply no analysis, even discussion of the issue in the document. Nor, is there any basis for the Government's restitution claim in its 19-page Supplemental Briefing Re "Value of Wildlife." Dkt. 131. In fact, it is clear from the Government's submissions that the Government is conflating the concept of "restitution" with the value of wildlife pursuant to U.S.S.G. § 2Q2.1. See also, *United States v. Atkinson*, 966 F.2d 1270 (9th Circuit 1992). And whatever might be said about the "value of wildlife" as represented by the price of hunt contracts,[1] there is no doubt that the concept of "loss" for the purpose of determining the guideline range and restitution are completely different concepts. They are addressed differently in the Guidelines Manual, too.

U.S.S.G. § 5E1.1 addresses restitution. Pursuant to § 5E1.1 in the case of an "identifiable victim," the Court shall enter a restitution order for the full amount of the victim's loss. In the many hours of testimony presented here about "loss" for

---

[1] And there has been a lot of such discussion.

INGALDSON FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

purposes of determining the market value of game, there was no evidence provided that established that any identifiable victims suffered any loss. In the vernacular of *Atkinson*, all the "victims" identified by the Government at the sentencing had an opportunity to hunt for the game they had contracted for. Nor, was there any evidence establishing that any of the animals themselves were sublegal and/or had been seized or forfeited by the Government. In short, there was no evidence presented that any identifiable victim had suffered any identifiable loss. Presumably, this is why the presentence writer determined that "[T]here is no restitution in this case."

But, there are additional problems with the Government's naked conclusion about restitution. As noted in the Defendant's Sentencing Memorandum, any restitution, if appropriate, would be limited to the "loss" caused by the specific conduct that is the basis of the single conviction to which Hicks pled. See *Hughey v. United States*, 495 U.S. 411, 110 (S.Ct. 1979, 109 L.Ed.2d 408 (1990). See also, *U.S. v. Batson*, 608 F.3d 630, 632 (9th Cir. 2010) (Where an offense does not involve as an element a scheme, conspiracy or pattern of criminal activity, restitution is limited to the count of conviction). Here, the violation of the Lacey Act, which Hicks was convicted, does not include as an element "a scheme, conspiracy or pattern of criminal activity."

INGALDSON FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Dkt. 75, Plea Agreement, p. 3. Further, even had B. Georend suffered a seizure or forfeiture of the subject sheep, the value of such a loss would be most appropriately determined by reference to the State's restitution statute, AS 16.05.340(21). This value would be at most $1,100.

Finally, included as a supplement to the Presentence Report was the Victim Impact Statement received by the presentence writer and filed on January 3, 2022. Dkt. 109. In that supplement, the field manager for the BLM, Bonnie Million, wrote to then assigned District Court judge, Judge Kindred, to respectfully request that the Court order "restitution in the amount of $450 be paid to the Bureau of Land Management" Hicks does not oppose paying $450 as restitution in this case.

Dated the 3rd day of June, 2022 at Anchorage, Alaska.

                      INGALDSON FITZGERALD, P.C.
                      Attorneys for Defendant


                      s/Kevin T. Fitzgerald
                      ABA No. 8711085

**CERTIFICATE OF SERVICE**

I hereby certify that on the
3rd day of June, 2022,
a copy of the foregoing was
served electronically on:

Steve Skrocki, AUSA

/s/Kevin T. Fitzgerald

W:\3633.001\Pleadings\Restitution Memorandum.doc

*USA v. Hicks*
No. 3:19-cr-00143-RRB-DMS
Restitution Memorandum

INGALDSON FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751